■ PETER PAN ICE CREAM Co., INC., Respondent, v. BANQUE DE COMMERCE ET DE FINANCEMENT BANCOFIN S. A., Appellant, et al., Defendants. HENDRIES, INC., Respondent, v. BANQUE DE COMMERCE ET DE FINANCEMENT BANCOFIN S. A., Appellant, et al., Defendants.— Order, Supreme Court, New York

County entered October 12, 1971 granting plaintiffs' cross motion for deposition limited to the issue of damages, modified on the law and on the facts and in the exercise of discretion, without costs and without disbursements, to provide that defendant-appellant produce someone with knowledge of the facts relative to the claim for damages not later than five days prior to the date set for trial, and otherwise affirmed. We heretofore granted summary judgment to the defendants (35 A D 2d 412) and, as a result, the plaintiffs are entitled to know what the nature of the defendant-appellant's claim for damages will be. The trial involved imported ice cream and cake mix no longer in existence as to which there may be some problem establishing value. However, it would be unfair to impose a burden on this foreign defendant-appellant to appear in New York for this purpose long prior to the trial. Concur — McGivern, J. P., Nunez, Kupferman and Tilzer, JJ.; Steuer, J., dissents in the following memorandum: I cannot agree with the disposition made. The defendant-appellant is required to "produce someone with knowledge of the facts." On an examination before trial a party is never required to produce a witness, nor is there any sanction for so ordering in the CPLR. What is required of a corporate party is to produce an officer or employee with knowledge of the facts. While the court's order would apparently properly limit the subject of examination to damages, the other issues having been disposed of, a more narrow limitation is necessary. The action is in replevin. The damage is the value of the goods, consisting of a quantity of ice cream mix, covered by a certain warehouse receipt. The damages in such an action where the goods cannot be returned are fixed by statute as the value of the chattel at the time of trial (CPLR 7108, subd. [a]). Where the goods, as here, are held for sale, there is in addition interest from the time of wrongful taking (cf. *Michalowski* v. *Ey,* 7 N Y 2d 71, 74). The only possible issues are the value of the goods at the time of taking and trial. The appellant, a Swiss bank, has alleged that it has no officer or employee who is informed on this subject. This is not contested and appears most probable. On the other hand, the respondent sought the examination on the issues already decided and there is nothing to show it even wants to examine to the extent allowed. There being no reason for the examination it should not be allowed (*Levett & Co.* v. *Randall,* 9 A D 2d 732). In any event, it is highly improper in the form directed.